WILSON, Circuit Judge,
dissenting:
The majority concludes that the Board of Immigration Appeals (“BIA”) was correct in finding that Peraza-Recinos has not demonstrated a connection between his persecution by the Guatemalan Republican Front (“FRG”) party and his political opinion- or at least, that the record does not compel recognition of such a connection. I disagree.
Under the Immigration and Nationality Act, an alien seeking withholding of removal must show that his “life or freedom would be threatened in [his] country [of origin] because of [his] ... political opinion.” 8 U.S.C. § 1231(b)(3)(A). Although our standard of review is deferential, we are not required to uphold BIA decisions where the record compels a different result. Here, the BIA held that Peraza-Recinos had not established that he was persecuted on the basis of his political opinion. This holding is direct conflict with the facts of the case.
*969 Peraza-Recinos grew up in a family active in the National Advancement (“PAN”) party. The IJ found that Peraza-Recinos was a card-carrying member of the PAN party and that he routinely campaigned on their behalf. Peraza-Recinos campaigned by distributing leaflets and tee-shirts, and PAN paid him for his time.
On February 19, 2003, when he was sixteen years old, Peraza-Recinos was distributing PAN party flyers and tee-shirts when he was verbally and physically assaulted by members of the FRG party. The FRG members threatened to kill Peraza-Recinos and attempted to burn him alive. The FRG members succeeded in taking his campaign materials and incinerating them. Then, later that evening, while Peraza-Recinos was at home, his family home was subjected to a drive-by shooting. Several shots were fired at his house by individuals driving a car labeled with the FRG logo. Peraza-Recinos witnessed the drive-by.
I would hold that Peraza-Recinos established a connection between his political activities, the FRG’s physical assault, and the FRG’s attack on his home. Each of these instances occurred on the same day. The attacks perpetrated upon Peraza-Recinos and his family were far from “[m]ere harassment____” Ruiz v. Gonzales, 479 F.3d 762, 766 (11th Cir.2007) (internal quotation marks and citation omitted).
Although the IJ did express some skepticism about Peraza-Recinos’ testimony because February 19, 2003 was a Wednesday, and he testified that he typically campaigned on the weekends, and because he had neither filed a police report nor stated in his asylum application that the drive-by vehicle had the FRG logo on the car, the IJ notably did not make an adverse credibility finding in Peraza-Recinos’ case.
Additionally, although the majority relies on the Id’s comment that it is “not even known whether [Peraza-Recinos’ campaign] activities were done ... to assist in the party or to serve as a job for [him] to supplement his income,” apparently to suggest that perhaps Peraza-Recinos was not truly expressing his political opinion by campaigning, I can find no case where we have held that only unpaid voluntary campaign work expresses one’s political opinion. Nor would I find such a contention logical or even relevant to the question. Peraza-Recinos has presented compelling evidence that he was attacked because he was working for the PAN party. It is irrelevant whether he may have had multiple reasons for doing so.
I would not hold that Peraza-Recinos’ inability to explain how his attackers located his home dissipates the substantial evidence that he was attacked on the basis of his political opinion. Perhaps Peraza-Recinos was followed as he fled from the FRG members’ attempt to burn him alive. Perhaps his family’s political activities on behalf of PAN had garnered such notoriety that FRG members had previously taken steps to locate their home. The point is that the FRG members did locate his home, and they shot at it multiple times.
The majority concludes that, because the shots fired by the FRB at Peraza-Recinos’ home struck “just above the windows of the house and ‘did not actually penetrate into the house,”’ the shooting may not have been “even meant to injure any particular inhabitant of the residence he shared with his family .... ” Similarly, the majority emphasizes that Peraza-Recinos did not sustain any injuries when he was attacked by the FRG, suggesting that he might not have truly been their target, even though the FRG were successful in incinerating his political propaganda. I would not hold that such attacks must be “successful” — that bullets fired in a drive- *970 by shooting must penetrate a person or that a targeted victim must fail to escape — in order to qualify an attack as an instance of persecution. Such a holding would moot asylum.
Additionally, the majority relies on the fact that “[t]he shooters did not say anything” to conclude that Peraza-Recinos “offered no proof that members of the FRG ever communicated that the shooting was related to his political opinion.” I would not require such explicit verbal evidence. On the same day that FRG members attacked Peraza-Recinos and burned his campaign materials, individuals in a car labeled with the FRG logo shot at his house. I cannot support the majority’s suggestion that the perpetrators of a drive-by shooting must shout out “I am shooting at your home because of your political opinion” for our Court to recognize such a connection.
Furthermore, Peraza-Recinos’ testimony is in stark contrast with the testimony we found unconvincing in Silva v. United States Att’y Gen., 448 F.3d 1229, 1238 (11th Cir.2006). Whereas Silva “did not know who shot at her car or why,” Peraza-Recinos’ attackers boldly declared that they were members of the FRG party by displaying the FRG logo on their vehicle. Peraza-Recinos testified that he knew why he was attacked. He was attacked because of his work on behalf of the PAN party. He was attacked because of his political opinion.
Peraza-Recinos was harmed by members of an opposing political party because of his membership in and promotion of the PAN party. Substantial evidence does not support the BIA’s decision that Peraza-Recinos failed to establish a nexus between his alleged harm and his political opinion. Therefore, I would grant Peraza-Recinos’ petition with respect to his withholding of removal claim and remand for the BIA to determine whether he suffered past persecution or established that it is more likely than not that he will be persecuted upon removal due to his political opinion.
For these reasons, I respectfully dissent.